JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Shirrelle Brooks

**DEFENDANTS**
Guldmann Inc.

**(b)** County of Residence of First Listed Plaintiff  Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Hillsborough
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brandon A. Swartz, Esquire, Swartz Culleton, PC
547 E. Washington Avenue   Newtown PA 18940
(215) 550-6557

Attorneys *(If Known)*
Patrick J. Hasson, Esquire, Styliades, Mezzanotte & Hasson
520 Walnut Street, Suite 1650, Philadelphia, PA 19106
215-627-3087

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [X] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

PRISONER PETITIONS
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark

SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Sec. 1332, 28 USC Sec. 1441
Brief description of cause:
Plaintiff alleges that she sustained personal injuries when a part of a ceiling lift system fell on her.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 50,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE  N/A
DOCKET NUMBER

DATE 10/23/19
SIGNATURE OF ATTORNEY OF RECORD  *[signature] for Patrick Hasson*

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____


American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 615 E. Raymond Street   Philadelphia PA 19120

Address of Defendant: 14401 McCormick Drive Suite A Tampa FL 33626

Place of Accident, Incident or Transaction: Good Shepherd Penn Partners, 1840 South St., Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: October 23, 2019    _____ /s/ _____ For Patrick Hasson    53602

Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☒ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
   Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)



APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SHIRRELLE BROOKS<br>615 E. Raymond Street<br>Philadelphia, PA 19120<br>    Plaintiff, | :<br>:<br>: | CIVIL ACTION |
| V. | : | NO. |
| GULDMANN INC.<br>14401 McCormick Drive<br>Suite A<br>Tampa, FL 33626<br>    Defendant. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (**X**)

| October 23, 2019 | _(signed) for Patrick Hasson_ | Guldmann Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Defendant** |
| 215-446-8172 | 603-334-7294 | Patrick.Hasson@libertymutual.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRRELLE BROOKS<br>615 E. Raymond Street<br>Philadelphia, PA 19120 | : CIVIL ACTION<br>: |
| Plaintiff, | : NO. |
| V. | : |
| GULDMANN INC.<br>14401 McCormick Drive<br>Suite A<br>Tampa, FL 33626 | |
| Defendant. | |

## NOTICE OF REMOVAL

**TO:** Brandon A. Swartz, Esquire
**Swartz Culleton, PC**
547 E. Washington Avenue
Newtown, PA 18940

Please take notice that on October 23, 2019, Defendant, Guldmann Inc., filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania the within Notice of Removal.

The Notice of Removal is also being filed with the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. § 1446(d).

A Praecipe to Remove the case from the Philadelphia County Court of Common Pleas dockets will be filed after the Federal Court assigns this matter an appropriate civil action number.

Respectfully submitted,

Styliades, Mezzanotte & Hasson

BY: _____

Patrick J. Hasson, Esquire
Identification No. 53602
520 Walnut Street, Suite 1650
Philadelphia, PA  19106
215-627-3087
Attorney for Defendant, Guldmann Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRRELLE BROOKS<br>615 E. Raymond Street<br>Philadelphia, PA 19120 : | CIVIL ACTION |
| Plaintiff, : | NO. |
| V. : | |
| GULDMANN INC.<br>14401 McCormick Drive<br>Suite A<br>Tampa, FL 33626 | |
| Defendant. | |

### NOTICE OF REMOVAL

**TO THE JUDGES OF THE COURT:**

Defendant, Guldmann Inc., by and through its counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. § 1446(a), and respectfully submits as follows:

**I.    STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVE**

1. On or about October 2, 2019, the Plaintiff filed a lawsuit against the Defendant. (Attached hereto as Exhibit "A" is a copy of Plaintiff's Complaint).

2. Plaintiff filed their Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, which is docketed under Number 190904409, alleging that the Plaintiff suffered severe personal injuries. (See Exhibit "A").

3. Plaintiff served their Complaint on Defendant, Guldmann, Inc. October 7, 2019.

4. Plaintiff's action is civil in nature, and the amount in controversy, exclusive of interest and costs may be in excess of $75,000.00.

5. The Defendant avers that diversity of citizenship exists between the parties in controversy as follows:

   a. Plaintiff is a citizen of the Commonwealth of Pennsylvania, residing at 615 E. Raymond Street, Philadelphia, PA 19120.

   b. Defendant, Guldmann Inc., is a Georgia corporation with a principal place of business at 14401 McCormick Drive, Suite A, Tampa, FL 33626.

6. This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §1441, et seq.

7. This Notice is being filed with this Court within the time for removal set forth in 28 U.S.C. §1446 (b), inasmuch as thirty (30) days have not passed since service of the Complaint was made on the removing Defendant on October 7, 2019.

8. Copies of all process, pleadings and orders that were received by Defendant when this lawsuit was pending in State Court and up to the present time are filed with this Notice of Removal.

**WHEREFORE**, Defendant, Guldmann Inc., requests that the above action that was filed against them in the Court of Common Pleas of Philadelphia County be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Styliades, Mezzanotte & Hasson

BY: _____
Patrick J. Hasson, Esquire
Identification No. 53602
520 Walnut Street, Suite 1650
Philadelphia, PA 19106
215-627-3087
Attorney for Defendant,
Guldmann Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRRELLE BROOKS<br>615 E. Raymond Street<br>Philadelphia, PA  19120<br><br>　　　　Plaintiff,<br><br>V.<br><br>GULDMANN INC.<br>14401 McCormick Drive<br>Suite A<br>Tampa, FL  33626<br><br>　　　　Defendant. | :   CIVIL ACTION<br>:<br>:   NO.<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Patrick J. Hasson, hereby certify that on the 23rd day of October, 2019, I caused a true and correct copy of the foregoing Notice of Removal to be served upon the individuals listed below in accordance with Pa.R.C.P. 205.4(g).

Brandon A. Swartz, Esquire
**Swartz Culleton, PC**
547 E. Washington Avenue
Newtown, PA 18940

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　**Styliades, Mezzanotte & Hasson**

BY: _____
　　　　　　　　　　　　　　　　　Patrick J. Hasson, Esquire
　　　　　　　　　　　　　　　　　Identification No. 53602
　　　　　　　　　　　　　　　　　520 Walnut Street, Suite 1650
　　　　　　　　　　　　　　　　　Philadelphia, PA  19106
　　　　　　　　　　　　　　　　　215-627-3087
　　　　　　　　　　　　　　　　　Attorney for Defendant,
　　　　　　　　　　　　　　　　　Guldmann Inc.

EXHIBIT "A"

# Civil Cover Sheet

Court of Common Pleas of Philadelphia County
Trial Division

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2019**

E-Filing Number: 1910005976

**004409**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>SHIRRELLE BROOKS | **DEFENDANT'S NAME**<br>GULDMANN, INC. |
| **PLAINTIFF'S ADDRESS**<br>615 E. RAYMOND STREET<br>PHILADELPHIA PA 19120 | **DEFENDANT'S ADDRESS**<br>14401 MCCORMICK DRIVE SUITE A<br>TAMPA FL 33626 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**
2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED PRO PROTHY**
OCT 02 2019
**M. BRYANT**

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES    NO

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: SHIRRELLE BROOKS
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>BRANDON A. SWARTZ | ADDRESS<br>547 E. WASHINGTON AVE.<br>NEWTOWN PA 18940 |
|---|---|
| PHONE NUMBER<br>(215)550-6553 | FAX NUMBER<br>(215)550-6557 |
| SUPREME COURT IDENTIFICATION NO.<br>78344 | E-MAIL ADDRESS<br>bswartz@swartzculleton.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>BRANDON SWARTZ | DATE SUBMITTED<br>Wednesday, October 02, 2019, 02:57 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
By: Bryan M. Ferris, Esquire
Identification No. 93105
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiff
Shirrelle Brooks



Filed and Attested by the
Office of Judicial Records
02 OCT 2019 02:17 pm
M. RUSSO

| | | |
|---|---|---|
| SHIRRELLE BROOKS<br>615 E. Raymond Street<br>Philadelphia, PA 19120<br><br>*Plaintiff*<br><br>vs.<br><br>GULDMANN INC.<br>14401 McCormick Drive<br>Suite A<br>Tampa, FL 33626<br><br>*Defendant* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>_____ TERM, 2019<br><br>NO.<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENDE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCIÓN SE

Case ID: 190904409

1101 Market St., 11th Floor  
Philadelphia, Pennsylvania 19107  
Telephone: 215-238-6333

ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICO DE REFERENCIA E INFORMACION LEGAL

1101 Market Street, 11th Floor  
Filadelfia, Pennsylvania 19107  
Telefono: 215-238-6333

Case ID: 190904409

| | |
|---|---|
| **SWARTZ CULLETON PC**<br>By: Brandon A. Swartz, Esquire<br>Identification No. 78344<br>By: Bryan M. Ferris, Esquire<br>Identification No. 93105<br>547 E. Washington Avenue<br>Newtown, PA 18940<br>T: (215) 550-6553<br>F: (215) 550-6557 | Attorneys for Plaintiff,<br>Shirrelle Brooks |

| | |
|---|---|
| SHIRRELLE BROOKS<br>615 E. Raymond Street<br>Philadelphia, PA 19120<br><br>*Plaintiff*<br><br>vs.<br><br>GULDMANN INC.<br>14401 McCormick Drive<br>Suite A<br>Tampa, FL 33626<br><br>*Defendant* | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>_____ TERM, 2019<br><br>NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

1. Plaintiff, Shirrelle Brooks, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at the above-captioned address.

2. Defendant, Guldmann Inc., was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of Georgia, with its corporate headquarters and principal place of business located in the State of Florida at the above-captioned address.

3. Venue is proper in Philadelphia County because the actions giving rise to this event occurred in Philadelphia and because Defendant regularly and continuously conducts business in Philadelphia County.

Case ID: 190904409

4. At all times material herein, Defendant acted by and through its employees, agents, servants, workmen and/or other representatives who were, in turn, acting within the course and scope of their employment, agency, and/or service for same.

5. At all times relevant hereto, Defendant was regularly engaged in the business of designing and manufacturing ceiling lift systems for the healthcare industry.

6. At all times prior to April 10, 2019, the Defendant, either directly or indirectly, through its predecessors-in-interest, subsidiaries and/or successors-in-interest, designed, distributed, assembled, installed, marketed, manufactured, maintained, repaired, serviced, rented, leased, provided safety recommendations and/or sold the subject ceiling lift system, and the component parts thereto, and all instruction manuals and associated warnings.

7. On or about April 10, 2019, Plaintiff, Shirrelle Brooks, was transferring a patient via the subject ceiling lift system in the course and scope of her employment with Good Shepherd Penn Partners in Philadelphia, PA, when suddenly and without warning, and as a direct result of the defective and/or dangerous condition of the subject ceiling lift system, a metal portion of the lift fell from the ceiling and struck Plaintiff's forehead, thereby causing her to sustain severe and permanent bodily injuries, scarring and losses more fully set forth hereinafter.

## COUNT I
## SHIRRELLE BROOKS v. GULDMANN INC.
## PRODUCTS LIABILITY - STRICT LIABILITY

8. Plaintiff hereby incorporates by reference paragraphs one (1) through seven (7) of the within Complaint as though the same were fully set forth at length herein.

9. Defendant, Guldmann Inc., placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex,* 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product

wherein: (a) the danger of the product was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighed the burden or costs of taking precautions.

10. Plaintiff's accident was caused by the defective nature of the design, manufacture, assembly, maintenance, installation, marketing, distribution and/or fabrication of the subject ceiling lift system, including, but not limited to:

(a) distributing, supplying, installing, designing, manufacturing and/or selling the subject ceiling lift system, and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b) failing to implement a system to ensure that the subject ceiling lift system, and its component parts could be used together safely;

(c) carelessly and negligently failing to recognize the inherent possibility that the subject ceiling lift system and its component parts could malfunction and/or fail, thereby causing the aforesaid lift and track system to dislodge from the ceiling and fall onto the Plaintiff;

(d) failing to properly equip the subject ceiling lift system, and its component parts with a proper safeguard to prevent the product from malfunctioning and/or failing;

(e) creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

  (f) failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, lease and/or sale of the subject ceiling lift system, and its component parts;

  (g) failing to ensure that the subject ceiling lift system, and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

  (h) failing to warn purchasers and end users of the dangers of the subject product; and

  (i) any other acts or omissions that may be revealed in discovery.

11. At all times relevant hereto, Defendant's aforesaid ceiling lift system and its component parts were defective and unsafe for consumer use.

12. At all times relevant hereto, there were latent defects in the Defendant's aforesaid ceiling lift system and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

13. The Defendant distributed and sold the aforesaid ceiling lift system and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

14. Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

15. As a result of the aforesaid strict liability of Defendant, Plaintiff Shirrelle Brooks suffered severe injuries, including, but not limited to, head trauma with resultant head laceration and scarring, post-concussion syndrome, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.

16. As a result of the aforesaid negligence of the Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

17. As a further result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

18. As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

19. Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

20. As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

21. As a further result of the accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

22. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Shirrelle Brooks, demands judgment against the Defendant, Guldmann Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II
## SHIRRELLE BROOKS v. GULDMANN INC.
## PRODUCTS LIABILITY - NEGLIGENCE

23. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-two (22) of the within Complaint as though the same were fully set forth at length herein.

24. At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid product, and to sell/distribute that product in a reasonably safe condition.

25. The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, and distributing the defectively designed and manufactured product, in general, and in the particular, as set forth in paragraph 10 above, which is hereby incorporated by reference.

26. The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

27. As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs fifteen (15) through twenty-two (22) herein which are incorporated by reference.

WHEREFORE, Plaintiff, Shirrelle Brooks, demands judgment against the Defendant, Guldmann Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT III
## SHIRRELLE BROOKS v. GULDMANN, INC.
## BREACH OF WARRANTY

28. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of the within Complaint as though the same were fully set forth at length herein.

Case ID: 190904409

29. As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that its product was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

30. As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs fifteen (15) through twenty-two (22) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Shirrelle Brooks, demands judgment against the Defendant, Guldmann Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00).

Respectfully,

**SWARTZ CULLETON PC**

By: /s/Brandon A. Swartz
Brandon A. Swartz, Esquire
Bryan M. Ferris, Esquire

*Attorneys for Plaintiff,*
Shirrelle Brooks

Date: October 2, 2019

Case ID: 190904409

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____

Case ID: 190904409